## FELIX WARFIELD v. THE STATE.

1. One of two persons jointly indicted for the commission of an offense is not a competent witness for the other, unless he has been previously tried and acquitted of the offense (Paschal's Digest, Article 1826); and it is immaterial that there has been a severance in the case.

2. See this case for an indictment held sufficient in a prosecution for assault with intent to murder.

APPEAL from Houston.    Tried below before the Hon. Leroy W. Cooper.

The grand jury of Houston county indicted Sheppard and Warfield jointly for the commission of an assault with intent to murder.   The charging part of the indictment was as follows:    "On the sixteenth day of March, in the year of our Lord one thousand eight hundred and seventy-one, in the said county of Houston, with one certain rifle gun, which he, the said Cas. Sheppard, in his hand then and there had and held, and with one certain six shooting pistol, which he, the said Felix Warfield in his hand then and there had and held, which said gun and said pistol were then and there deadly weapons, and were then and there charged with gunpowder and leaden balls, did then and there, by discharging and shooting said gun and pistol off towards, at and against, on and upon the body of one Charles Beasley, with force and unlawful violence, in and upon the body of the said Charles Beasley, commit an assault by then and there shooting as aforesaid, and seriously wounding the body of the said Charles Beasley, with intent then and there the said Charles Beasley unlawfully, willfully and feloniously to kill and murder, against the peace and dignity of the State."

The exceptions to the indictment were as follows :

"There is no offense known to the law charged in the indictment.

"The indictment does not charge any offense in plain and intelligible words.

"Said indictment or pretended indictment does not charge who shot the rifle, or who shot the pistols, or who shot either of them.

"An acquittal on this indictment would not bar another action for the same offense."

The exceptions were all overruled by the court below, and on trial of the case the accused was convicted of aggravated assault and battery; from which conviction he appealed, assigning as error the overruling of his exceptions by the court below.

No brief for the appellant has reached the hands of the Reporter.

*William Alexander*, *Attorney General*, for the State.

OGDEN J.—The appellant was indicted with one Charles Sheppard, for an assault upon Charles Beasley, with intent to commit murder. The appellant was put upon his trial and convicted of an aggravated assault; and from the judgment of conviction he has appealed. The indictment is sufficient in form to charge an offense, and it charges the offense for which he was tried sufficiently definite, and the court did not err in overruling the exceptions to the same.

Neither did the court err in refusing to permit Charles Sheppard to testify in behalf of his co-defendant; they were jointly indicted for the same offense, and under Article 1826, Paschal's Digest, neither could testify for the other, unless he had been tried and acquitted. On the trial of this case the evidence of appellant's guilt

47—XXXV

was not very strong, and was to some extent conflicting, but we are not prepared to say that there was not sufficient evidence to support the verdict of the jury and the judgment of the court. And as the court below did not think proper to grant a new trial with all the witnesses and facts before it, we are disinclined to disturb that judgment here. It is therefore affirmed.

AFFIRMED.